Tyrone CHAVERS, Sr., Plaintiff,

v.

Paul STUHMER, Defendant.

Tyrone CHAVERS, Sr., Plaintiff,

v.

Mary SMITH, Assistant District Attorney, Defendant.

Tyrone CHAVERS, Sr., Plaintiff,

v.

George GURJNOW, Police Officer, Defendant.

Nos. 91–C–1154, 91–C–1207 and 91–C–1208.

United States District Court, E.D. Wisconsin.

Feb. 28, 1992.

Tyrone Chavers, Sr., pro se.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner, Tyrone Chavers, currently incarcerated at the Milwaukee county jail, filed each of the above-captioned actions in rapid succession. A review of the complaints in the three actions discloses that the allegations in each stem from the same series of events—Mr. Chavers' arrest, prosecution and conviction on first degree murder in Wisconsin state court. Accordingly, the court has consolidated the three actions on its own motion for purposes of determining Mr. Chavers' entitlement to proceed in forma pauperis on the related claims. *See* Local Rule 4, Section 4.03.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Chavers' pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Mr. Chavers has filed an affidavit of indigence disclosing that he has no assets, and the court is satisfied that he is unable to pay the costs of commencing his actions. The court also finds that the requirements of the second element of the § 1915 standard have been met for each case.

An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). In other words, the question at this procedural posture is whether each complaint on its face discloses even an arguable violation of Mr. Chavers' rights under the federal constitution and 42 U.S.C. § 1983.

In Case No. 91–C–1154, Mr. Chavers, seeks redress under 42 U.S.C. § 1983 from Paul Stuhmer, a police detective with the Milwaukee police department. The statement of claim, which the court has taken from his recently amended complaint, alleges that the defendant violated the plaintiff's constitutional rights concern-

ing the prosecution of the plaintiff on state criminal charges.

Mr. Chavers' statement of claim alleges that detective Stuhmer, "indiscriminately brought the plaintiff to trial on July 23, 1991." The plaintiff further alleges that defendant Stuhmer failed to protect his rights at the August 13, 1990, preliminary examination and obtained evidence illegally. Plaintiff charges that Mr. Stuhmer withheld arrest information for an unwarranted period of time. The plaintiff also claims that Mr. Stuhmer influenced others to comply with a complaint that was defective in nature and that he abused his discretion in charging the plaintiff with first degree intentional homicide. Finally, the plaintiff alleges that defendant Stuhmer denied him "a defense in the adversary system." The plaintiff seeks declaratory and injunctive relief in addition to compensatory and punitive damages.

Facially, there seems to be little merit in Mr. Chavers' allegations. Nevertheless, if these allegations are true, it may well be that Mr. Chavers' rights to be free from unreasonable searches and seizures and to due process of law (under the fourth, fifth, and fourteenth amendments and 42 U.S.C. § 1983) have been violated, notwithstanding the fact that he has been convicted as charged. Accordingly, the court will allow Mr. Chavers to proceed with this action and will call upon the defendant to respond to the allegations contained in the complaint in Case No. 91–C–1154.

■ Next, in Case No. 91–C–1207, Mr. Chavers seeks redress under 42 U.S.C. § 1983 from Mary Smith, an assistant district attorney for Milwaukee county. The plaintiff alleges that Ms. Smith violated his constitutional rights throughout the prosecution of his September 23, 1991 state criminal trial.

Mr. Chavers' statement of claim in Case No. 91–C–1207 alleges that defendant Smith: (1) indiscriminately brought the plaintiff to trial September 23, 1991; (2) surprised the plaintiff with an unjustified trial tactic; (3) failed to protect plaintiff's constitutional rights just to win a case; (4) acted in a willful and unlawful manner; (5) brought the plaintiff to trial indiscriminately; (6) failed to inform him of all information for his defense prior to trial; (7) used false evidence and suppressed material evidence at his trial; (8) conspired with the police officer to convict him by using false testimony; (9) prosecuted plaintiff's writ of habeas corpus without justification; (10) used an altered photograph at trial to suggest intentional homicide; (11) failed to bring to the attention of the court or proper officials significant evidence suggestive of innocence; (12) misused her prosecution powers thereby depriving the plaintiff of a speedy trial; (13) used a witness' testimony that she knew would be in doubt and whose testimony would be disbelieved by the jury; (14) was not the prosecutor that swore to the accuracy of the criminal complaint or that presided at the initial appearance or the preliminary hearing or arraignment; (15) engaged in unconstitutional conduct by failing to disclose evidence of plaintiff's unintentional defense; and (16) tried to cover up police department investigation misconduct. For these alleged violations, Mr. Chavers seeks compensatory and punitive damages.

■ The law is well established that prosecutors are absolutely immune from liability under § 1983 for conduct in initiating a prosecution and in presenting the state's case, insofar as that conduct is "intimately associated with the judicial phase of the criminal process". *See Burns v. Reed,* —— U.S. ——, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (*quoting Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). However, the court of appeals for the seventh circuit has determined that according to *Imbler,* a prosecutor enjoys only qualified immunity from liability under § 1983 when he or she performs functions of an administrative or investigatory nature. *See Hunt v. Jaglowski,* 926 F.2d 689, 692 (7th Cir.1991).

Insofar as Mr. Chavers alleges that Ms. Smith tried to cover up police department investigation misconduct, the court believes that he has made allegations, which, if true, could demonstrate that Ms. Smith was performing an investigatory function

and therefore, enjoys only qualified immunity. Thus, Mr. Chavers' action is not frivolous in fact or law under § 1915(d). *See Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831. Accordingly, the court will grant Mr. Chavers' petition to proceed in forma pauperis and call upon the defendants to respond to the allegations in his complaint.

■ Finally, in Case No. 91–C–1208, Mr. Chavers seeks redress under 42 U.S.C. § 1983 from Milwaukee police officer George Gurjnow. The plaintiff alleges that on July 27, 1990, defendant Gurjnow conducted a search and seizure of his house and personal effects without a warrant and in the absence of probable cause. The plaintiff seeks compensatory and punitive damages as a basis for relief.

It is quite likely that Mr. Chavers has already litigated this question during his criminal prosecution. (Presumably, it was determined adversely to him.) Nevertheless, improper searches are actionable under the fourth amendment and 42 U.S.C. § 1983. Accordingly, the court will allow Mr. Chavers to proceed with his complaint in Case No. 91–C–1208, as well.

Therefore, IT IS ORDERED that Mr. Chavers be and hereby is granted leave to proceed in forma pauperis with Case No. 91–C–1154.

IT IS ALSO ORDERED that Mr. Chavers be and hereby is granted leave to proceed in forma pauperis with Case No. 91–C–1207.

IT IS FURTHER ORDERED that Mr. Chavers be and hereby is granted leave to proceed in forma pauperis with Case No. 91–C–1208.