Tyrone CHAVERS, Sr., Plaintiff,

v.

John TEGGATZ, Defendant.

Tyrone CHAVERS, Sr., Plaintiff,

v.

Gail HOFFMAN, Defendant.

Nos. 92–C–0018, 92–C–0157.

United States District Court,
E.D. Wisconsin.

March 11, 1992.

Tyrone Chavers, Sr., pro se.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner, Tyrone Chavers, currently incarcerated at the Milwaukee county jail, filed both of the above-captioned actions in rapid succession. A review of the complaints in the two actions discloses that the allegations in each stem from the same series of events: Mr. Chavers' arrest, prosecution and conviction of first degree murder in Wisconsin state court. Accordingly, the court has consolidated the two actions on its own motion for purposes of determining Mr. Chavers' entitlement to proceed in forma pauperis on the underlying claims. *See* Local Rule 4, Section 4.03. These are the fourth and fifth complaints filed by Mr. Chavers out of these events. *See also Chavers v. Stuhmer*, Case No. 91–C–1154; *Chavers v. Smith*, Case No. 91–C–1207; *Chavers v. Gurjnow*, Case No. 91–C–1208, 786 F.Supp. 756 (1992).

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Chavers' pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Mr. Chavers has filed an affidavit of indigence disclosing that he has no assets, and the court is satisfied that he is unable to pay the costs of commencing his actions. The court also finds that the requirements of the second element of the § 1915 standard have been met for each case.

An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). In other words, the question at this procedural posture is whether each complaint on its face discloses even an arguable violation of Mr. Chavers' rights under the federal constitution and 42 U.S.C. § 1983.

■ In Case No. 92–C–0018, Mr. Chavers seeks redress under 42 U.S.C. § 1983 from John Teggatz, a deputy chief medical examiner. In his statement of claim, Mr. Chavers alleges that defendant Teggatz: (1) corroborated a statement of a conspirator "contrary to his pecuniary or prietary [sic] interest"; (2) "failed to petition the circuit court to order an inquest" into the cause of "suspicious circumstances surrounding the death" of the victim; (3) "knowingly and wilfuly [sic] acted"; (4) "testified to the effect of the defected [sic] criminal complaint"; (5) issued "autopsy, protocol and supplemental reports" that did not corroborate the evidence; (6) failed to protect plaintiff's rights; (7) unduly influenced the jury with "ill effect of hatred, ridicule, or disgrace"; (8) caused the plaintiff pain and suffering by his conduct in the criminal proceedings; (9) showed favor to the victim's family in his testimony; (10) "unfairly misleaded [sic]" plaintiff with "informational evidence for his defense in a criminal prosecution"; and (11) "denied the plaintiff a fair trial in criminal prosecution."

Facially, there seems to be little merit in Mr. Chavers' allegations. Indeed, the allegations teeter precariously close both to "fanciful in fact" and "inarguable in law", *see Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831. Nevertheless, a medical examiner *may* be subject to civil rights liability under such circumstances, *see Kompare v. Stein*, 801 F.2d 883, 884 (7th Cir.1986) (acknowledging the potential § 1983 liability of a medical examiner who investigates a homicide). Thus, if these allegations are proved, it may be that Mr. Chavers' due process rights under the fifth and fourteenth amendments have been violated, notwithstanding the fact that he has been convicted as charged. Accordingly, the court will allow Mr. Chavers to proceed with this action and will call upon the defendant to respond to the allegations contained in the complaint in Case No. 92–C–0018.

■ Next, in Case No. 92–C–0157, Mr. Chavers seeks redress under 42 U.S.C.

§ 1983 from Gail Hoffman, an assistant district attorney for Milwaukee County. The plaintiff alleges that Ms. Hoffman violated his constitutional rights with the filing of a criminal complaint and the prosecution of his September 23, 1991, state criminal trial.

Mr. Chavers' statement of claim in Case No. 92–C–0157 alleges that defendant Hoffman: (1) filed a criminal complaint that lacked specificity and contained a material misstatement; (2) failed to protect plaintiff's rights when the criminal complaint was filed over 72 hours after he was arrested without a warrant; (3) failed to provide all the elements of the crime in the complaints; (4) failed to "determine the document criminal complaint" at his initial appearance; (5) "was not the prosecutor at the ... initial appearance"; (6) abused her discretion in charging plaintiff in the criminal complaint; (7) was the third assistant district attorney and first prosecutor that appeared at his preliminary hearing; (8) used perjured testimony at the preliminary hearing; (9) conspired with the complainant in malicious prosecution of plaintiff; (10) conspired to deny plaintiff due process of law in his criminal prosecution; (11) conspired in withholding the "emergency 911" information without justification; (12) acted willfully, unlawfully, and wrongfully during all proceedings; and (13) unfairly brought plaintiff to trial and denied the alibi defense to the accused suppressing the 911 information.

The law is well established that prosecutors are absolutely immune from liability under § 1983 for conduct in initiating a prosecution and in presenting the state's case, insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *See Burns v. Reed,* ——— U.S. ———, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (*quoting Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). However, the court of appeals for the seventh circuit has determined that according to *Imbler,* a prosecutor enjoys only qualified immunity from liability under § 1983 when he or she performs functions of an administrative or investigatory nature. *See Hunt v. Jaglowski,* 926 F.2d 689, 692 (7th Cir.1991).

Insofar as Mr. Chavers alleges that Ms. Hoffman tried to cover up police department investigation misconduct, the court believes that he has made allegations which if proved, could demonstrate that Ms. Hoffman was performing an investigatory function and therefore, enjoys only qualified immunity. Thus Mr. Chavers' action is not frivolous in fact or law under § 1915(d). *See Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831. Accordingly, the court will grant Mr. Chavers' petition to proceed in forma pauperis and call upon the defendant to respond to the allegations in his complaint.

Therefore, IT IS ORDERED that Mr. Chavers be and hereby is granted leave to proceed in forma pauperis with Case No. 92–C–0018.

IT IS ALSO ORDERED that Mr. Chavers be and hereby is granted leave to proceed in forma pauperis with Case No. 92–C–0157.